**Ex parte Charles E. MINES, Applicant.**

**No. 72906.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 13, 2000.

Katherine A. Drew, Dallas, for appellant.

Jill A. Durbin, Asst. Dist. Atty., Waxahachie, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J. delivered the opinion of the Court, in which Presiding Judge McCORMICK, MANSFIELD, KELLER, HOLLAND, and KEASLER, JJ., joined.

The issue in this case is whether a person who is sentenced to the punishment of death must be competent to assist his counsel in filing an application for habeas corpus relief. We find no such requirement in the law.

The applicant was convicted of capital murder and sentenced to death in June, 1989. The judgment has been affirmed on appeal.[1] Now he seeks habeas corpus relief, with an application that contains 68 allegations. The trial court found no issues of fact that required resolution, and it recommended the denial of habeas relief. We ordered the case filed and set for consideration of one allegation, that the applicant is incompetent to assist on the writ of habeas corpus. The question before us is one of law; there is no finding that the applicant is in fact incompetent to assist his habeas counsel.[2]

The applicant argues that: (1) an applicant must be competent to assist counsel with the application, (2) counsel is rendered ineffective if the applicant is incompetent, and (3) an applicant is entitled to a full adversarial trial by jury for a competency determination. To support his arguments he invokes several constitutional provisions and statutes, which we shall consider in order.

### I. Statutory considerations.

The Texas Constitution authorizes—indeed, requires—the legislature to devise an effectual system of habeas corpus.[3] Without such legislation, the constitutional authority of this Court to issue writs of habeas corpus is not greater than that enjoyed by courts at common law.[4] Since 1967, statutes have provided procedures for writs of habeas corpus after conviction. Although the Code of Criminal Procedure provides detailed standards and procedures for determining a defendant's incompetency to be tried [5] and a defendant's competence to be put to death,[6] it contains no mention of a defendant's incompetence to bring habeas corpus proceedings. The inaction of the legislature is a significant indication that competence to assist counsel is not required in habeas corpus proceedings.

---

1. *Mines v. State*, 852 S.W.2d 941 (Tex.Cr.App. 1992), *vacated*, *Mines v. Texas*, 510 U.S. 802, 114 S.Ct. 42, 126 L.Ed.2d 13 (1993), *affirmed*, *Mines v. State*, 888 S.W.2d 816 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1117, 115 S.Ct. 1978, 131 L.Ed.2d 866 (1995).

2. His counsel say they have been unable to get information from the applicant. The State replies that the applicant is uncooperative, not incompetent.

3. "The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual." TEX. CONST. art. I, § 12.

4. *See Ex parte Davis*, 947 S.W.2d 216, 225 (Tex.Cr.App.1996). The Texas Constitution expressly empowers the legislature to regulate the exercise of this Court's original habeas corpus jurisdiction. *Id.* at 224 (quoting TEX. CONST. art. V, § 5: "Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus ...").

   This citation to *Davis* is to an opinion of the Court, although it was not the lead opinion. *See Ex parte Smith*, 977 S.W.2d 610, 611 n. 4 (Tex.Cr.App.1998).

5. *See* TEX.CODE CRIM. PROC. art. 46.02.

6. *See id.* art. 46.04.

The habeas corpus statutes contain some positive indications that it is not necessary that an applicant be able to confer with counsel in the way that a defendant confers with trial counsel. A petition for the writ of habeas corpus may be signed and presented by any person other than the applicant.[7] Counsel may consent to hearing of the application without the applicant's being present.[8]

The applicant would have us infer a requirement of mental competence from Article 11.071 of the Code of Criminal Procedure. That article requires that a habeas corpus applicant who seeks relief from a judgment imposing a penalty of death shall be represented by competent counsel unless the applicant has elected to proceed pro se.[9] In this context "competent" refers to an attorney's qualifications and abilities. The article further requires counsel to investigate expeditiously the factual and legal grounds for an application.[10]

The applicant notes that article 11.071 requires that if an applicant wants to waive counsel in habeas proceedings, his waiver must be intelligent and voluntary. He argues that this assumes a level of mental competence that is on par with the standard for self-representation at trial under the federal and state constitutions.

He argues, but does not explain why, this standard should apply to habeas proceedings when an applicant has not waived the right to counsel.

■ The competency standard for pleading guilty or waiving the right to counsel at a criminal trial is not higher than the competency standard for standing trial; "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself."[11] If we assume that this standard applies to a habeas-corpus applicant's waiver of the right to counsel (a question that is not before us today), we are not justified in assuming that an applicant must have the same level of competence when he does *not* waive the right to counsel. A requirement that waiving counsel in habeas proceedings must be a knowing and voluntary decision, does not mean that the legislature intended to incorporate the requirement that an applicant be competent in retaining the statutory right to counsel in habeas proceedings.

## II. Constitutional considerations.

The United States Constitution guaranties a person's right to counsel in criminal prosecutions.[12] It does not provide a right

---

**7.** "Either the party for whose relief the writ is intended, or any other person for him, may present a petition to the proper authority for the purpose of obtaining relief." Tex.Code Crim. Proc. art. 11.11. "The word applicant, as used in this Chapter, refers to the person for whose relief the writ is asked, though the petition may be signed and presented by any other person." *Id.* art. 11.12.

**8.** "The person on whom the writ is served shall bring before the judge the person in his custody, or under his restraint, unless it be made to appear that by reason of sickness he cannot be removed; in which case, another day may be appointed by the judge or court for hearing the cause, and for the production of the person confined; or the application may be heard and decided without the production of the person detained, by the consent of his counsel." *Id.* art. 11.31.

**9.** "An applicant shall be represented by competent counsel unless the applicant has elected to proceed pro se and the convicting trial court finds, after a hearing on the record, that the applicant's election is intelligent and voluntary." *Id.* art. 11.071, § 2(a).

**10.** "On appointment, counsel shall investigate expeditiously, before and after the appellate record is filed in the court of criminal appeals, the factual and legal grounds for the filing of an application for a writ of habeas corpus." *Id.* § 3(a).

**11.** *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

**12.** "In all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defence." U.S. Const. amend. VI. The identical right is guarantied in state prosecutions through the Due Process

to counsel in state habeas corpus proceedings.

We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, *see Johnson v. Avery,* 393 U.S. 483, 488[, 89 S.Ct. 747, 21 L.Ed.2d 718] (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. *Wainwright v. Torna,* 455 U.S. 586[, 102 S.Ct. 1300, 71 L.Ed.2d 475] (1982); *Ross v. Moffitt,* 417 U.S. 600[, 94 S.Ct. 2437, 41 L.Ed.2d 341] (1974). We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori,* he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.[13]

This holding applies in capital cases as well as in others.[14] "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."[15]

Similarly, the Texas Constitution[16] provides no right to counsel in post-conviction habeas corpus proceedings.[17]

The reason why the right to counsel in a criminal prosecution does not extend to all post-trial proceedings lies in the difference between the trial and post-trial stages of the process.

At the trial stage of a criminal proceeding, the right of an indigent defendant to counsel is fundamental and binding upon the States by virtue of the Sixth and Fourteenth Amendments. But there are significant differences between the trial and appellate stages of a criminal proceeding. The purpose of the trial stage from the State's point of view is to convert a criminal defendant from a person presumed innocent to one found guilty beyond a reasonable doubt. To accomplish this purpose, the State employs a prosecuting attorney who presents evidence to the court, challenges any witnesses offered by the defendant, argues rulings of the court, and makes direct arguments to the court and jury seeking to persuade them of the defendant's guilt. Under these circumstances, "reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him."

By contrast, it is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below. The defendant needs an attorney on appeal not as a shield to protect him against being "haled into court" by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt. This difference is significant for, while no one would agree that the State may simply dispense with the trial stage of

Clause of the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

**13.** *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

**14.** *See Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (applying the rule to capital cases).

**15.** *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "*See Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance)." *Ibid.*

**16.** "In all criminal prosecutions, the accused ... shall have the right of being heard by himself or counsel ...." TEX. CONST. art. I, § 10.

**17.** *See Davis,* 947 S.W.2d at 229.

proceedings without a criminal defendant's consent, it is clear that the State need not provide any appeal at all.[18]

Likewise, a state is not required to provide a post-conviction remedy.

Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. *See Fay v. Noia,* 372 U.S. 391, 423–24[, 83 S.Ct. 822, 9 L.Ed.2d 837] (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide the avenue of relief, *cf. United States v. MacCollom,* 426 U.S. 317, 323[, 96 S.Ct. 2086, 48 L.Ed.2d 666] (1976) (Plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.[19]

■ The Texas Constitution does not guaranty a right to habeas corpus relief that is broader than that available at common law, which does not include cases such as the applicant's.[20]

These holdings foreclose the applicant's argument that a habeas-corpus applicant's competence to consult with counsel is required by the provisions for right to counsel in the state and federal constitutions.

Other constitutional provisions must be considered. The requirement that a criminal defendant be competent to consult with counsel is not based only on the right to the assistance of counsel. Another right is the presumption of innocence, which is guarantied by the Due Process Clause.[21] Requiring that a criminal defendant be competent to be tried preserves the presumption of innocence by ensuring that a criminal defendant can help the defense attorney defend the client.[22] A defendant must be able to assist trial counsel because often the defendant possesses the only information that may cast doubt on the State's case. If a defendant is incompetent, we cannot be sure that the defendant can communicate to counsel the facts necessary to mount an effective defense. It also has been said that the requirement of competence is a byproduct of the rule requiring that a defendant be present at trial, since a trial of an incompetent defendant is virtually a trial *in absentia.*[23] The right to be present is largely based on the Confrontation Clause, although it also has a due process component.[24]

■ But an applicant for the post-conviction writ of habeas corpus enjoys neither a presumption of innocence[25] nor a constitutional right to be present at a hearing.[26] These constitutional rights that

**18.** *Moffitt,* 417 U.S. at 610–11, 94 S.Ct. 2437 (citations omitted).

**19.** *Finley,* 481 U.S. at 556–57, 107 S.Ct. 1990. "The Due Process Clause of the Fifth Amendment does not establish any right to an appeal, *see Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (plurality opinion), and certainly does not establish any right to collaterally attack a final judgment of conviction." *MacCollom,* 426 U.S. at 323, 96 S.Ct. 2086 (plurality opinion).

**20.** *Davis,* 947 S.W.2d at 225.

**21.** *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

**22.** *Moffitt,* 417 U.S. at 610, 94 S.Ct. 2437.

**23.** *See Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

**24.** *See United States v. Gagnon,* 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985).

**25.** *See Moffitt,* 417 U.S. at 610, 94 S.Ct. 2437. The applicant is actually in the opposite position. "In a habeas corpus proceeding, there exists a presumption of regularity of the judgment which can only be overcome by the petitioner['s] showing that there is substantial evidence to the contrary." *Ex parte Young,* 479 S.W.2d 45, 47 (Tex.Cr.App.1972).

**26.** *State v. Basile,* 942 S.W.2d 342 (Mo.1997) (motion for post-conviction relief is civil proceeding and therefore there is no due process right to be present); *Leisure v. State,* 828 S.W.2d 872 (Mo.1989) (for same reason there

require competence to assist trial counsel do not support a requirement that an applicant be competent to assist habeas counsel.

Another reason for requiring competency at trial is that the defendant must make significant choices that require the advice of counsel but that are ultimately decided by the defendant.[27] The defendant must be competent to decide whether to invoke or to waive such personal constitutional rights.[28] Such choices are not required in post-trial proceedings such as this.[29]

■ The applicant says that he would be subjected to cruel and unusual punishment if he were put to death when he was not competent to assist his habeas counsel. Cruel and unusual punishments are forbidden by the federal and state constitutions.[30] The prohibition of cruel and unusual punishments in the Eighth Amendment to the Constitution of the United States prevents a State from carrying out a sentence of death upon a prisoner who is insane.[31] "Whether its aim be to protect the condemned from fear and pain without comfort of understanding, or to protect the dignity of society itself from the barbarity of exacting mindless vengeance, the restriction finds enforcement in the Eighth Amendment."[32]

The applicant does not claim that he is incompetent to be put to death. He does not explain why the requirement of sanity at the time the sentence is executed implies a requirement of competence to assist counsel in habeas corpus litigation. The procedures are not similar, the roles of the convicted person are not the same, and the standard for competence to be put to death is not the same as the standard the applicant proposes for competence in habeas corpus proceedings. The applicant does not claim that habeas corpus proceedings would subject him to fear and pain without comfort of understanding, or that counsel's filing a habeas-corpus application without his assistance would constitute the barbarity of exacting mindless vengeance.

In light of the absence of legislative action, the statutory context, and the differences in the nature of the rights and procedures at trial and in post-conviction proceedings, we find no justification in inferring a statutory requirement that the applicant be mentally competent for habeas corpus proceedings in the way that a defendant must be mentally competent for trial.

## III. Conclusion

As the Supreme Court of California said, in a case in which it refused to stay an appeal because the appellant was incompetent:

> litigant has such a choice, but the decision does not inevitably involve the waiver of the right against self-incrimination as the defendant's choice to testify at the criminal trial does.

is no right under Confrontation Clause to be present).

**27.** "It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal. In addition, we have held that, with some limitations, a defendant may elect to act as his or her own advocate." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (citations omitted).

**28.** *Godinez v. Moran*, 509 U.S. 389, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

**29.** In this proceeding there is no plea of guilty, trial by jury, or appeal. There is a choice to testify in the sense that any civil

**30.** "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. I, § 13.

**31.** *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).

**32.** *Id.* at 410, 106 S.Ct. 2595.

Arguably the situation is different regarding potential habeas corpus challenges, which may be based on matters outside the appellate record. We cannot rule on the question in a vacuum. We suspect that most, if not all, potential challenges in a habeas corpus proceeding could be made without additional input from defendant. Current defense counsel have access to the appellate record, to investigators, to trial counsel's case files, and to the knowledge and experience of trial counsel. ... [D]efendant's alleged incompetency might be grounds for the untimely raising of an issue if it could not have been raised earlier because of that incompetency. The prohibition against executing an insane person provides additional protection for someone who, because of incompetency, was unable to pursue a meritorious challenge to the judgment.

For these reasons, current counsel can and should seek to challenge the judgment even if defendant is currently incompetent. If, in a petition for a writ of habeas corpus, counsel make a specific showing why specified contentions require defendant's ability to cooperate, and why the necessary information cannot be obtained from other sources, we will consider the question at that time. Additionally, if a prima facie showing is made on any contention, and an evidentiary hearing is ordered, defendant may raise the question of his competence to participate in the evidentiary hearing at that time.[33]

The relief requested is denied.

Judge JOHNSON delivered a dissenting opinion in which MEYERS and PRICE, JJ., joined.

JOHNSON, J., filed a dissenting opinion, in which MEYERS and PRICE, J.J., joined.

I respectfully dissent. The majority concludes that TEX.CODE CRIM. PROC. art. 11.071 does not require that an applicant be competent to assist his counsel in filing an application for a writ of habeas corpus. I disagree.[1]

It is true, as the majority notes, that our code of criminal procedure "contains no mention of a defendant's incompetence to bring habeas corpus proceedings." *Ante,* at 912. Citing to other provisions of art. 11.071 that are not directly related to the issue of competence,[2] the majority concludes that such competence is not statutorily required.

That, however, is not the end of our inquiry. Although art. 11.071 does not explicitly contain a provision dealing with an applicant's competence, it does, as the majority acknowledges,[3] mandate that "counsel shall investigate expeditiously ... the factual and legal grounds for the filing of an application for a writ of habeas corpus." TEX.CODE CRIM. PROC. art. 11.071,

---

**33.** *People v. Kelly,* 1 Cal.4th 495, 546–47, 3 Cal.Rptr.2d 677, 822 P.2d 385, 414, *cert. denied,* 506 U.S. 881, 113 S.Ct. 232, 121 L.Ed.2d 168 (1992). *See also Fisher v. State,* 845 P.2d 1272, 1277 (Okla.Cr.App.1992) (if after the disposition of his first post-conviction attack, an applicant is found to have been incompetent to assist his attorney and is found to possess knowledge of facts entitling him to relief that he could not share with his attorney due to his incompetence, he may bring a subsequent post-conviction attack). *Cf. Calderon v. U.S. Dist. Court for Cent. Dist. Cal.,* 163 F.3d 530, 541 (9th Cir.1998) (alleged mental incompetency justifies equitable tolling of time limit imposed by the federal habeas corpus statute for a reasonable time after the district court makes a competency determination). *But see Carter v. State,* 706 So.2d 873, 875 (Fla.1997) (applying trial standard of competency); *People v. Owens,* 139 Ill.2d 351, 151 Ill.Dec. 522, 564 N.E.2d 1184, 1186 (1990) (same); *State v. Debra A.E.,* 188 Wis.2d 111, 523 N.W.2d 727 (1994) (same).

**1.** The majority also finds that such competence is not constitutionally required. Because I find that it is statutorily required, I do not reach the constitutional issue.

**2.** *Ante,* at 912 – 913.

**3.** *Ante,* at 912.

§ 3(a). While it is not necessarily so in every habeas application, the circumstances of a particular application may dictate that in order for counsel to be able to fully comply with this provision of the code, he must be able to communicate with and be assisted by the applicant. That is, an applicant's competence to assist his/her counsel may be necessary in order for counsel to comply with art. 11.071, § 3(a). In such a case, our code of criminal procedure does implicitly and necessarily require that an applicant be competent to assist his counsel in filing a writ application.

As at least two other state supreme courts have recognized, an applicant's ability to communicate with counsel may be particularly important in the development of factual grounds. *See Carter v. State*, 706 So.2d 873, 875 (Fla.1997); *State v. Debra A.E.*, 188 Wis.2d 111, 523 N.W.2d 727, 732 (1994). However, not all habeas petitions will necessarily require development of grounds which require counsel to communicate with and be assisted by applicant. Therefore, following the rationale of the Florida Supreme Court in *Carter*, I would hold that a habeas court be required to hold a competency hearing when an applicant has shown that there are "specific factual matters at issue that require applicant to competently consult with counsel," i.e., "when there are reasonable grounds to believe that a capital defendant is incompetent to proceed in postconviction proceedings in which factual matters are at issue, the development or resolution of which require [applicant's] input." *Carter*, 706 So.2d at 875. Such an approach would aid in ensuring adherence to the legislative directive of art. 11.071, § 3(a).[4]

In the instant application, counsel for applicant filed a motion with the habeas court for a competency hearing. The court did not rule on the motion by the time the writ was filed with this court. Therefore, I would remand this cause to the habeas court to give applicant the opportunity to demonstrate that there are specific factual matters at issue which would require that applicant be competent to consult with counsel. Because the court does not do so, I dissent.

---

4. Though based on a legislative, rather than constitutional, mandate, this approach is also generally consistent with our recent decision in *Ex parte Potter*, 21 S.W.3d 290, 296 (Tex. Crim.App.2000), in which we held that within the context of extradition proceedings, "the accused must be sufficiently competent to discuss with his counsel facts relating to the limited defenses [of identity and presence] that may be raised."