Affirmed and Memorandum Opinion filed July 10, 2003









Affirmed and Memorandum Opinion filed July 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01196-CR

____________

 

RICKY
MIMMS,
Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
174th District Court

Harris County, Texas

Trial Court Cause
No. 412,307

 



 

M E M O R A N D U M    O P I N I O N

This is an appeal from a
convicting court’s denial of appellant Ricky Mimms’
motion for post-conviction DNA testing. 
Asserting six points of error, appellant seeks reversal of the trial
court=s order denying relief
and asks that a new hearing be held on his motion.  We affirm.








FACTUAL AND PROCEDURAL
HISTORY

In 1985, a jury convicted
appellant of aggravated sexual assault and assessed  punishment at 99 years’ confinement in the
Texas Department of Criminal Justice Institutional Division.[1]  This court affirmed that conviction on direct
appeal in State v. Mimms, No. C14-85-174-CR (Tex. App.CHouston [14th Dist.]
May 1, 1986) (not designated for publication). 


In March, 2002, appellant
filed a motion requesting post-conviction DNA testing pursuant to Chapter 64 of
the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
64.01(a) (Vernon Supp. 2003).[2]  Appellant did not include an affidavit with
his motion.  Moreover, the motion did not
contain a statement of facts and appellant did not identify the evidence for
which he sought testing, as required by Chapter 64.  See id.  Appellant did not assert that identity was at
issue in his trial or offer evidence of a reasonable probability that he would
not have been prosecuted or convicted if exculpatory results had been obtained
as required by Chapter 64.[3]  See id. at art. 64.03(a)(1)(B) and
64.03(a)(2)(A).[4]








The State filed a written
response to appellant’s motion asserting the non-existence of physical
evidence.  See id. at art. 64.02.[5]   This response was accompanied by three
affidavits from persons responsible for the care and custody of evidence at the
Harris County and Houston crime labs.  All
three affiants swore that no evidence existed in connection with appellant’s
case.[6]


On October 10, 2002, the
trial court denied appellant’s motion for DNA testing and issued written
findings of fact and conclusions of law. 
In its findings, the trial court found (1) there was no DNA evidence in
State custody; (2) appellant had not shown DNA evidence existed; and (3)
appellant had not demonstrated that a “reasonable probability existed that
appellant would not have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing.”  See
id. at art. 64.03(a)(2)(A).  

This appeal arises from
the trial court’s denial of appellant=s
motion.

DISCUSSION








Appellant asserts six
points of error.  First, he asserts his
(1) federally-protected right to due process, and (2) state-protected right to
confrontation and cross-examination, were violated when the trial court held a
hearing on his motion for post-conviction DNA testing in his absence.  Next, he asserts his (3) federally-protected
right to due process, and (4) state-protected right to confrontation and
cross-examination, were violated when the trial court denied him the
opportunity to confront and cross-examine the witnesses who “appeared” at his
hearing via the State’s affidavits. 
Finally, he asserts the trial court erred when it (5) considered the
State=s affidavitsCwhich he terms “inadmissible
hearsay”Cin denying his motion for
DNA testing; and (6) denied his motion for post-conviction DNA testing on the
basis of such evidence.

In Cravin v. State,
the First Court of Appeals addressed the same issues under identical
facts.  See Cravin v. State, 95
S.W.3d 506 (Tex. App.CHouston [1st Dist.]
2002, pet. ref=d).  We join our sister courtCfor identical reasonsCand hold appellant=s arguments to be without
merit.

First, we are unconvinced
the trial court’s decision followed a hearing to consider appellant=s motion.  A hearing is not required under Chapter 64.  See Tex.
Code Crim. Proc. Ann. arts. 64.01B64.03
(Vernon Supp. 2003);  Rivera v. State, 89 S.W.3d 55, 58 (Tex. Crim. App.
2002).  Moreover, the
appellate record does not reflect the trial court conducted a hearing; it
indicates only that the parties waived a court reporter’s presence when
appellant’s motion was determined.

Next, we are unconvinced
that, if the trial court held such a hearing, appellant was not present.  Appellant repeatedly asserts in his brief
that the “docket sheet fails to reflect that . . . appellant was present at the
time the trial court denied relief,” but he fails to offer evidence or
affirmatively state that appellant was not in fact present when the trial court
disposed of his motion.  To the contrary,
appellant filed a written objection to the alleged hearing that asserts: “Movant
requests that the record reflect that the State, the undersigned counsel, and
the Movant are before the Court.” 
(emphasis added).








Finally, even if the
trial court did hold a hearing on appellant=s
motion and appellant did not attend, nothing in the United States or Texas
constitutions compels an inmate’s presence at a post-conviction DNA testing
proceeding.  See Cravin, 95 S.W.3d
at 510.  Quite the contrary, like Aan applicant for
post-conviction writ of habeas corpus, an applicant for a post-conviction DNA
proceeding enjoys neither a presumption of innocence nor a constitutional right
to be present at a hearing.”  Id. (citing
Ex parte Mines, 26 S.W.3d 910, 914 (Tex. Crim. App. 2000)).

The Cravin court
also held the State is not required to file affidavits with its response.  Id. at 509.  We agree with the First Court of Appeals that
the State=s
affidavits were unnecessary to the trial court’s determination of appellant’s
motion and conclude appellant had no right to be present when the trial court
ruled on his motion and no right to confront and cross-examine the witnesses
who allegedly “appeared” before the trial court in the State’s affidavits.  Thus, we overrule appellant’s first, second,
third, fourth, and fifth points of error. 
See Cravin, 95 S.W.3d at 510B511.

Moreover, we also find
appellant=s
motion failed to comply with Chapter 64,while the State=s written response was
in compliance; thus, we overrule appellant=s
sixth point of error as well.  See
Tex. Code Crim. Proc. Ann. arts.
64.01(a), 64.02(a)(2)(A), 64.02(2)(A) and (B) (Vernon Supp. 2003).  Indeed, because the State=s affidavits were
unnecessary, the trial court had discretion to deny appellant’s motion with or
without them.  See Cravin, 95
S.W.3d at 511.  Accordingly, there was no
requirement, as appellant suggests, that the State determine whether any other
agency possessed biological materials or evidence suitable for testing.  The State’s written response that no evidence
existed was sufficient.  See id.  




Having overruled all of appellant’s points
of error, we affirm the judgment of the trial court below.

 

 

/s/        John
S. Anderson

Justice

 

 

 

 








Judgment rendered and Memorandum Opinion filed July 10, 2003.

Panel consists of Justices Anderson, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  Appellant was
actually sentenced to confinement in the Texas Department of Corrections;
however, a reference in law to the Texas Department of Corrections means the
institutional division of the Texas Department of Criminal Justice.  See Act of 71st Leg., ch.785, ' 1.19(f), 1989 Tex. Gen. Laws.





[2]  Article
64.01(a) provides that “[a] convicted person may submit to the convicting court
a motion for forensic DNA testing of evidence containing biological
material.  The motion must be accompanied
by an affidavit, sworn to by the convicted person, containing statements of
fact in support of the motion.”  Tex. Code Crim. Proc. Ann. art.
64.01(a) (Vernon Supp. 2003).





[3]  The only thing
asserted by appellant in his motion for DNA testing was: “I respectfully ask
the said court to grant DNA testing for the following reason: Tex. Code Crim. Proc. Ann. arts. 64.01,
64.02, 64.03, 64.04, 64.05, 17.47, and 38.98.”





[4]  Article
64.03(a) provides that “a convicting court may order forensic DNA testing only
if:

(1)   the court
finds that 

(A)   the
evidence 

(1)   still
exists and is in a condition making DNA testing possible; and 

(2)   has been
subjected to a chain of custody sufficient to establish that it has not been
substituted, tampered with, replaced, or altered in any material respect; and 

(B)   identity
was or is an issue in the case; and 

(2)   the
convicted person establishes by a preponderance of the evidence that:

(A)   a reasonable
probability exists that the person would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing; and 

(B)   the request
for the proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.”

Tex. Code Crim. Proc. Ann. art. 64.03(a)(1) and (2) (Vernon Supp. 2003).





[5]  Article 64.02
provides that, “[o]n receipt of [a convicted person’s] motion, the convicting
court shall:

(1)   provide the
attorney representing the state with a copy of the motion; and

(2)   require the
attorney representing the state to:

(A)    deliver
the evidence to the court, along with a description of the condition of the
evidence; or 

(B)     explain in
writing to the court why the state cannot deliver the evidence to the court.”

Tex. Code Crim. Proc. Ann. arts. 64.02(1) and (2) (Vernon Supp. 2003).





[6]  Although the
State’s response was omitted from the clerk’s record, the parties to this
appeal have agreed in a written stipulation that the copy of the State=s response attached to the State’s brief is an
accurate representation of the State’s response.  See Tex.
R. App. P. 34.5(e).  It is
therefore now a part of the appellate record in this appeal.