Affirmed and Memorandum Opinion filed October 9, 2003















Affirmed and
Memorandum Opinion filed October 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01204-CR

_______________

 

TONY RAY
CALVIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________

 

On Appeal from 174th District Court

Harris County, Texas

Trial Court Cause No. 646,769

______________________________________________

 

M E M O R A N D U M   O P I N I O
N

            This is an appeal from a denial of
appellant Tony Ray Calvin’s motion for post-conviction DNA testing.  Raising six issues, appellant seeks reversal
of the trial court’s order denying relief and requests that a new hearing be
held on his motion.  We affirm.

Background

            In 1993, a jury convicted appellant
of aggravated robbery and the court assessed punishment at thirty years’
confinement.  Appellant’s conviction was
affirmed by this Court in Calvin v. State,
No. 14-93-00293-CR, 1995 WL 517320 (Tex. App.—Houston [14th Dist.] Aug. 31, 1995, pet. ref’d) (not designated for publication).  In August 2001, appellant filed a motion for
post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 64.01–64.05 (Vernon Supp.
2003).  Appellant attached an affidavit
to his motion stating that a pair of green sweat pants containing blood, worn
by the perpetrator of the offense, existed at the time of trial.  The State filed a response to appellant’s
motion, supported by affidavits, asserting the green sweat pants were not in
its custody.[1]  The trial court denied appellant’s motion for
DNA testing.

            Appellant asserts six issues,
claiming the trial court erred in not allowing him to be present or confront
and cross-examine witnesses at a hearing, admitting the State’s affidavits into
evidence, and denying his motion for post-conviction DNA testing.  The First Court of Appeals considered the
same issues in Cravin v. State, 95 S.W.3d 506, 510 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d), and held
them to be without merit.  We agree with
the reasoning of our sister court and hold appellant’s claims to be
groundless.    

Discussion

            In his first two points of error,
appellant claims that his federal constitutional right to due process and his
state constitutional right to confrontation and cross-examination were violated
when the trial court conducted a hearing in his absence.  First, we are unconvinced that the trial
court conducted a hearing.  An
evidentiary hearing is not required on a motion for DNA testing under article
64.  See
Tex. Code Crim.
Proc. Ann. art. 64.01–64.05; Rivera
v. State, 89 S.W.3d 55, 58–59 (Tex. Crim. App. 2002). 
The appellate record does not indicate a hearing was held, only that the
parties waived the presence of a court reporter when the motion was
decided.  Additionally, the record does
not reflect that appellant was absent. 
In fact, appellant filed an objection to the proceedings in which he
requested that the record reflect “the State, the undersigned counsel, and the Movant are before this Court.”  Because the appellate record does not
indicate appellant’s absence, we conclude that appellant’s first two issues are
without merit.       

            Further, even if a hearing was held,
nothing in the United States or Texas
Constitutions expresses that the trial court must require an applicant’s
presence at a post-conviction DNA testing proceeding.  Cravin, 95 S.W.3d at 510. 
Like a post-conviction writ of habeas corpus, a post-conviction motion
for DNA testing is a collateral proceeding that does not involve witnesses or
accusations against a criminal defendant.  Id.  In both
types of proceedings, an applicant enjoys neither a presumption of innocence
nor a constitutional right to be present at a hearing.  Id. (citing Ex parte Mines, 26 S.W.3d 910, 914–15 (Tex. Crim. App. 2000)). 
Accordingly, we overrule appellant’s first two issues.

            In his third and fourth issues,
appellant claims his federally-protected right to due process and
state-protected right to confrontation and cross-examination were violated when
he was denied the opportunity to confront and cross-examine the witnesses
against him.  Having held that nothing in
the United States or Texas
Constitutions requires an applicant’s presence at a DNA testing proceeding, we
hold for the same reasons that appellant does not have the right to confront
and cross-examine witnesses.  Id.  

            In his fifth issue, appellant argues
that the trial court erred in considering inadmissible hearsay affidavits
submitted by the State.  The State is not
required to file affidavits with its response to an applicant’s motion for DNA
testing; the court may reach a decision based solely on the convicted person’s
motion and affidavit and the State’s response.  Id. at
509.  Therefore, the State’s affidavits
were unnecessary to the trial court’s decision. 
We overrule appellant’s fifth issue.

            In his sixth issue, appellant
contends the trial court erred in denying his motion for DNA testing.  Specifically, appellant claims that the State
failed to establish that the requested materials (bloody, green sweat pants)
were no longer in possession of the State. 
A court may order post-conviction DNA testing only if the court finds
that the evidence still exists in a condition making DNA testing possible.  Tex.
Code Crim. Proc. Ann. art. 64.03(a).  In response to appellant’s motion for DNA
testing, the State explained that the requested materials were not in
possession of the Harris County District Clerk’s Office or the South Houston
Police Department.  We conclude that this
information was sufficient to enable the trial court to conclude the evidence
does not still exist in a condition making DNA testing possible.  Cravin, 95 S.W.3d at 510.  We overrule appellant’s sixth issue.    

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 9, 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  We note that until April 5, 2001, the State was not required to preserve evidence
containing biological material.  See Tex.
Code Crim. Proc. Ann. art. 38.39 (Vernon Supp.
2003) (requiring the State to ensure preservation of evidence containing
biological materials under certain circumstances)(effective April 5, 2001).