Opinion issued November 13, 2003







            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00439-CR
____________
 
NATHANIEL HENDERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 536217
 

 
 
MEMORANDUM OPINION

          Appellant, Nathaniel Henderson, challenges the trial court’s order denying his
motion for post-conviction DNA testing.


 Appellant’s court-appointed appellate
counsel filed an Anders


 brief, and appellant proceeds pro se. Although the State
initially waived its right to file a brief, it has filed a brief in response to appellant’s
pro se briefing.
          In his sole point of error, appellant contends that he received ineffective
assistance of counsel in connection with his motion for post-conviction DNA testing.
          We affirm the trial court’s order.
Facts and Procedural Background
          In 1989, a jury convicted appellant of aggravated robbery, and the trial court
sentenced appellant to confinement for 40 years.


 In March 2002, appellant filed a
pro se motion for post-conviction DNA testing, pursuant to article 64.01 of the Code
of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp.
2003). In his motion, appellant requested that the trial court order forensic DNA
testing of the wooden-handled knife used in the commission of the offense because,
at appellant’s trial, a police officer testified that no fingerprints were obtained from
the knife. Appellant requested, and the trial court appointed, counsel to represent
appellant in this post-conviction proceeding.
          In response to appellant’s motion for DNA testing, the State presented affidavit
testimony from three persons. K. McGinnis, a Houston Police Department property
and evidence record custodian, testified that no property or evidence from appellant’s
underlying offense was in the possession of the police department. J. Bolding, a
Houston Police Department Crime Laboratory custodian, testified that the crime lab
was not in possession of any evidence relating to appellant’s underlying offense. M.
Vasquez, the Exhibits Clerk for the Harris County District Clerk’s Office, testified
that the evidence from appellant’s underlying case “was destroyed on May 30, 1996.”
          In its findings of fact, the trial court found that the affidavit testimony
presented by the State was credible, and that appellant had not shown that the
evidence at issue still existed or that “a reasonable probability exists that [appellant]
would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.”
Ineffective Assistance of Counsel
          In his sole point of error, appellant contends that his court-appointed counsel
rendered ineffective assistance in connection with appellant’s motion for DNA
testing. Specifically, appellant argues that, at the hearing


 on the motion for DNA
testing, his counsel was ineffective in failing to contest the credibility of the affidavits
presented by the State.
          In general, there is no federal constitutional right to counsel during a post-conviction collateral attack. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct.
1990, 1993 (1987). Nor is there such a right under the Texas Constitution. Ex parte
Mines, 26 S.W.3d 910, 913 (Tex. Crim. App. 2000).
          However, a convicted person is, by statute, entitled to counsel during a
proceeding under Chapter 64 of the Code of Criminal Procedure. Tex. Code Crim.
Proc. Ann. art. 64.01(c) (Vernon Supp. 2003). Thus far, the Court of Criminal
Appeals has not decided whether an appellant may raise a claim of ineffective
assistance of counsel arising from a hearing under Chapter 64 of the Code of Criminal
Procedure. See Bell v. State, 90 S.W.3d 301, 307 (Tex. Crim. App. 2002) (“We have
not decided whether an appellant may raise a claim of ineffective assistance arising
from a hearing under Chapter 64, and we need not do so in this case.”). Assuming
that such a claim may be raised, to prevail on his claims of ineffective assistance, a
convicted person must prove, by a preponderance of the evidence, that his counsel’s
representation fell below an objective standard of professional norms and that, but for
counsel’s errors, there is a reasonable probability that the result of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct.
2052, 2064-65 (1984); Bell, 90 S.W.3d at 307; McKinny v. State, 76 S.W.3d 463, 470
(Tex. App.—Houston [1st Dist.] 2002, no pet.). Our review of counsel’s
representation is highly deferential and presumes that counsel’s actions fell within the
wide range of reasonable and professional assistance. Bell, 90 S.W.3d at 307;
McKinny, 76 S.W.3d at 470.
          Here, appellant argues, in part, as follows:
Counsel could have further met the adversarial testing of the
prosecution’s case, had counsel contested the credibility of the affidavits
. . . objecting that Houston’s DNA Forensic Laboratory’s [sic] have been
under investigation for the past year and a-half [sic], for mishandling
forensic evidence. Making it clear that it is a strong possibility that the
knife has been misplaced or mis[-]tagged by the H.P.D. Crime
Laboratory where evidence is storage [sic]. That it is big news
surrounding Texas as well as Houston, that the misplacing of evidence
within the H.P.D. Forensic Crime Laboratory has been write up’s [sic]
within the local newspaper’s as well as on local television stations.

          It is evident from appellant’s argument that he has merely a general suspicion,
but no specific evidence or information, that the affidavit testimony offered by the
State in this proceeding was false or incorrect. Moreover, the record contains no
evidence to support appellant’s claim that his counsel was ineffective in failing to
contest the credibility of the affidavit testimony offered by the State.
          Accordingly, we hold that appellant has not shown, by a preponderance of the
evidence, that, in representing appellant in his proceeding to obtain post-conviction
DNA testing, appellant’s counsel’s performance was deficient.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the trial court’s order. We also grant the motion to withdraw filed
by appellant’s court-appointed appellate counsel. See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.).
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).