Affirmed and Memorandum Opinion filed November 20, 2003














Affirmed and
Memorandum Opinion filed November 20, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01197-CR

____________

 

MARVIN COLEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________________

 

On Appeal from
the 174th District Court

Harris County, Texas

Trial Court
Cause No. 414,237

 

_________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Marvin Coleman appeals
from the trial court’s denial of his post-conviction motion for DNA
testing.  See Tex. Code Crim. Proc.
art. 64.01, et seq.  In six issues,
appellant contends (1) the trial court violated the Confrontation Clauses of the
Texas and United
States Constitutions and his federal due process rights by conducting a “final
hearing” without appellant present; (2) the trial court considered inadmissible
hearsay evidence; and (3) the State failed to establish there were no biological
materials in its possession.  We affirm.

class=Section2> 

 

Background Information

            In
1988, a jury convicted appellant of aggravated sexual assault of a person
younger than fourteen years and sentenced him to confinement for fifty
years.  Appellant’s conviction was
affirmed by the First Court of Appeals in Coleman
v. State, No. 01-86-00964-CR, 1988 WL 15150, at *3 (Tex. App.—Houston [1st
Dist.] Feb. 25, 1988) (not
designated for publication).  In February
2002, appellant filed a pro se motion for DNA testing pursuant to Chapter 64 of
the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. art. 64.01, et seq. 
Appellant failed to attach the required affidavit to his motion.  See Tex. Code Crim. Proc. art. 64.01.  Appellant’s attorney thereafter filed a new
motion, with appellant’s affidavit attached, stating the victim’s rape kit and a
light green shirt and short set were recovered during investigation of the
offense and, if tested, would exculpate appellant.  The State filed a response to appellant’s
motion, supported by affidavits, asserting there was no evidence in its
possession to test.[1]  The trial court denied appellant’s motion and
adopted the State’s proposed findings of fact and conclusions of law.  In pertinent part, the Court held the following:




Findings of Fact . . .

7.         The Court, based on Defendant’s failure to meet the
requirement of Article 64.03(a)(1), finds in the negative the issues listed in
Article 64.03(a)(1).[[2]]

8.                 
The Court finds that, based on the lack of evidence, Defendant fails to
show by a preponderance of the evidence, that a reasonable probability exists
that Defendant would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing.

9.                 
The Court finds that Defendant fails to meet the requirement of Article
64.03(a)(2)[[3]] of
the Texas Code of Criminal Procedure concerning his burden of proof.

 

Conclusions of Law

1.         The Court, based on its negative findings on the issues listed
in Article 64.03(a)(1) and its finding that Defendant failed to meet the burden
of proof requirements under Article 64.03(a)(2), hereby DENIES the request for
DNA testing in cause number 414237. 

 

Discussion

 

            In appellant’s
first two issues, he claims his federal constitutional right to due process and his state constitutional right to
confrontation and cross-examination were violated when the trial court
conducted a hearing in his absence. 
There is no evidence however to support appellant’s claim.  The only evidence in the record regarding a
hearing on appellant’s motion reflects he was present at the hearing.[4]  In appellant’s objections to the proceedings,
appellant requested “that the record reflect that the State, the undersigned
counsel, and the Movant [appellant] are before this
Court.”  Appellant also requested the record
reflect that “the purpose of this hearing is to finally adjudicate all issues
in the trial court pursuant to Movant’s motion for
DNA testing of biological materials.” 
The trial court’s order, denying appellant’s motion for DNA testing,
specifically stated counsel for the State and Movant
and the Movant himself were present.  Therefore, because the appellate record does
not support appellant’s contention that he was absent, we conclude his first
two issues are without merit.[5]     Further,
even if appellant had been absent at the hearing, neither the United States nor
Texas Constitutions mandate an applicant’s presence at a post-conviction DNA testing
proceeding.  Cravin v. State, 95 S.W.3d 506, 510 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d).  In Cravin, the First Court of Appeals considered this same
issue and likened a post-conviction DNA proceeding to a post-conviction habeas
corpus proceeding, a collateral proceeding that does not involve witnesses or
accusations against a criminal defendant. 
Id.  We
agree.  In both types of proceedings, an
applicant enjoys neither a presumption of innocence nor a constitutional right
to be present.  Id. (citing Ex Parte Mines, 26 S.W.3d 910, 914–15 (Tex. Crim. App. 2000)).  We overrule appellant’s first two issues. 

            In
appellant’s third and fourth issues, he contends his federal due process rights
and state protected right to confrontation and cross-examination were violated
when he was denied the opportunity to confront and cross-examine the witnesses
against him.  Specifically, appellant
contends he should have had the opportunity to confront the State’s witnesses,
those affiants stating there was no evidence to be tested for DNA.  However, just as appellant has no
constitutional right to be present at a post-conviction DNA proceeding, we
hold, for the same reasons, that appellant does not have the right to confront
and cross-examine witnesses at the proceeding. 
See id.  

            Further,
appellant’s contention that his due process rights were violated is also
without merit.  The Fourteenth
Amendment’s due process guarantee of fundamental fairness requires the State to
conduct itself in a manner that assures criminal defendants have a fair
opportunity to present their defense.  U.S. Const. amend. XIV.  However, there is no precedent that the
Fourteenth Amendment assures the privilege of a defendant’s “presence when
presence would be useless.”  Cravin, 95 S.W.3d
at 510; see Snyder v. Massachusetts,
291 U.S. 97, 106–07 (1934), overruled on
other grounds, Malloy v. Hogan,
378 U.S. 1, 4–5 

class=Section3> 

(1964).  Here,
appellant was represented by appointed counsel during the entire proceeding as provided
by article 64.  See Tex. Code Crim. Proc.
art. 64.01(c).  There is nothing
fundamentally unfair about the procedures set forth in article 64 followed by
the convicting court.  Cravin, 95 S.W.3d
at 511.  Therefore, we hold appellant’s
due process rights were not violated and overrule appellant’s third and fourth
issues.  

            In
appellant’s fifth issue, he claims the trial court erred in considering
inadmissible hearsay affidavits submitted by the State.  However, the State is not required to file
affidavits with its response to an applicant’s motion for DNA testing.  Id. at
509.  The trial court may reach a
decision based solely on the convicted person’s motion and affidavit and the
State’s response.  Id.  Therefore, the State’s
affidavits were unnecessary to the trial court’s decision.  Hence, we overrule appellant’s fifth issue.

            In
appellant’s sixth issue, he contends the trial court erred in denying his
motion for DNA testing because “the State failed to establish that no such
materials were still in possession of the State.”  We disagree. 
A court may order post-conviction DNA testing only if the court finds
(1) the evidence still exists in a condition making DNA testing possible, and
(2) there exists a reasonable probability the person would not have been
convicted if exculpatory results had been obtained.  Tex.
Code Crim. Proc. art. 64.03(a)(1)(A)(i),
(a)(2)(A).  In reviewing the trial
court’s decision, we employ a bifurcated standard of review: “we afford almost
total deference to a trial court’s determination of issues of historical fact
and application-of-law-to-fact issues that turn on credibility and demeanor,
while we review de novo other
application-of-law-to-fact issues.”  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997)).  Thus, we review the trial
court’s decision regarding whether the claimed DNA evidence exists and its
condition to be tested deferentially.  Id.  However,
the question of whether a reasonable probability exists that exculpatory DNA
tests would prove innocence is reviewed de
novo as it is an application-of-law-to-fact question that does not relate
to credibility and demeanor.  Id.  

class=Section4> 

            Here, the State responded to
appellant’s motion for DNA testing, explaining that the requested materials
were not in the possession of the Harris County Clerk’s office, the Houston
Police Department Property Room, or the Houston Police Department Crime
Lab.  The State further provided
affidavits supporting its response.  We
conclude the statements made by the State in its response were sufficient to
enable the trial court to find the evidence did not exist.  Furthermore, appellant failed to meet his
burden of proving that a reasonable probability existed that he would not have
been convicted if exculpatory results had been obtained.  Appellant was convicted of aggravated sexual
assault of a person younger than fourteen years.  The complainant in the case was appellant’s
six-year-old daughter.  See Coleman v. State, No.
01-86-00964-CR, 1988 WL 15150, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25,
1988) (not designated for publication). 
At trial, the complainant testified that in the presence of other
adults, appellant sexually molested her. 
Id.  She further testified that each of the other
adults engaged in similar conduct with her. 
Id.  Therefore, even assuming evidence existed
that was available to test, any exculpatory evidence (which could have been the
presence of the DNA of another adult that molested complainant) would not have
precluded his conviction.  We overrule
appellant’s sixth issue.

            Accordingly,
the judgment of the trial court is affirmed. 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 20, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 

 











            [1]  The State submitted sworn affidavits from an
employee of the Houston Police Department (“HPD”) Property Room, an employee of
the HPD Crime Lab, and an employee of the Harris County District Clerk’s office
stating that these entities were not in possession of any property or evidence
pertaining to appellant’s case. 
Significantly, the State was not required to preserve evidence
containing biological materials until April 2001.  See Tex. Code. Crim. Proc. art. 38.39
(requiring the State to preserve evidence containing biological materials under
certain circumstances, effective April 5, 2001).





            [2]  Under article 64.03(a)(1), the court may order
DNA testing if it finds the evidence “still exists and is in a condition making
DNA testing possible; and has been subjected to a chain of custody sufficient
to establish that it has not been substituted, tampered with, replaced, or
altered in any material respect; and identity was or is an issue in the
case.”  Tex.
Code Crim. Proc. art. 64.03(a)(1)(A)–(B).





            [3]  In addition to the provisions listed in
article 64.03(a)(1), this subsection further requires that the convicted person
establish by a preponderance of the evidence that “the person would not have
been convicted if exculpatory results had been obtained through DNA testing;
and the request for the proposed DNA testing is not made to unreasonably delay
the execution of sentence or administration of justice.”  Tex.
Code Crim. Proc. art. 64.03(a)(2)(A)–(B).





            [4]  Because both parties waived the presence of a
court reporter, there is no record of the hearing.  





            [5]  An evidentiary hearing is not required on a
motion for DNA testing under article 64. 
See Tex. Code Crim. Proc. art 64.01–.04; Rivera v. State, 89 S.W.3d 55, 58–59 (Tex. Crim.
App. 2002).  The only hearing that is
provided for in article 64 is after
DNA testing is ordered.  Rivera, 89 S.W.3d at 59.  At that time, the Code provides that the convicting
court “shall hold a hearing and make a finding as to whether had the results
been available during the trial of the offense, it is reasonably probable that
the person would not have been convicted.” 
Tex. Code Crim. Proc. art.
64.04.