**AFFIRM; Opinion Filed November 15, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00290-CR**

**TERRY WAYNE LEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 41709**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Terry Wayne Lee appeals from the denial of a post-conviction motion for DNA testing. In two issues, he urges the trial court abused its discretion in denying his motion. We affirm. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. App. P. 47.4.

### BACKGROUND

On the morning of April 30, 1993, the body of Walter Eugene Henley was discovered in the gravel driveway of a power plant located off a deserted county road in Sadler, Texas. After examining Henley's wounds and clothes and the drag marks in the gravel around the body, the police opined he had been shot and killed

some time between the evening of April 29 and the early morning hours of April 30 and then dragged along the road up towards the gates of the power plant. They also observed several bullet casings and a cigarette butt deposited inches from the body.

Appellant and his brother Shane Lee were charged and tried separately for the murder. In 1994, a jury found appellant guilty of murder and sentenced him to life imprisonment. Appellant appealed his conviction to this Court, including a challenge to the sufficiency of the evidence to support the jury's finding of guilt, and we affirmed. *See Lee v. State*, No. 05-94-01163-CR, 1995 WL 689662, at *1 (Tex. App.—Dallas Nov. 13, 1995, no pet.) (not designated for publication). Appellant's brother Shane Lee was later acquitted.

In October 2021, appellant filed a second motion for forensic DNA testing in order to establish his innocence in Henley's murder.[1] In that motion, appellant sought the DNA testing of Henley's shirt and jeans, as well as five cigarette butts collected near Henley's body, a pack of cigarettes and a lighter collected from Henley's jeans pocket, sweepings of trace evidence collected from the floorboard of the victim's car, spent bullet casings collected near Henley's body, and bloodstains from appellant's car. The trial court denied appellant's motion, and its order

---

[1] Appellant filed his first motion for forensic DNA testing in 2013, and in that motion, he requested testing of Henley's shirt, jeans, and shoes, and of the five cigarette butts found near Henley's body. The trial court denied appellant's motion, and the denial order included findings of fact and conclusions of law, one of which was that even if a third party's DNA was found, those DNA results would not exculpate or exonerate appellant. Appellant appealed that order, and this Court affirmed. *See Lee v. State*, No. 05-14-01241-CR, 2015 WL 1735973, at *2 (Tex. App.—Dallas Apr. 14, 2015, no pet.) (mem. op., not designated for publication).

included more than seventy findings of fact and conclusions of law, including that appellant had failed to show a reasonable probability that exculpatory tests would change the outcome of his trial, much less prove his innocence. This appeal followed.

## DISCUSSION

There is no free-standing due-process right to DNA testing, and the task of fashioning rules to "harness DNA's power to prove innocence without unnecessarily overthrowing the established system of criminal justice" belongs "primarily to the legislature." *See Gonzales v. State*, No. AP-77,104, 2022 WL 663806, at *4 (Tex. Crim. App. Mar. 3, 2022) (not designated for publication) (citing *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) (quoting *District Attorney's Office v. Osborne*, 557 U.S. 52, 62 (2009)); *see also Ex parte Mines*, 26 S.W.3d 910, 914 (Tex. Crim. App. 2000) (stating that there is no constitutional right to post-conviction DNA testing). The Texas Legislature created a process for such testing in Chapter 64 of the code of criminal procedure.

Under Chapter 64, the convicting court may order DNA testing only if the court finds that:

1. the evidence "still exists and is in a condition making DNA testing possible";

2. the evidence "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect";

–3–

3. "there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and"

4. "identity was or is an issue in the case[.]"

TEX. CODE CRIM. PROC. art. 64.03(a)(1). Additionally, the convicted person must establish by a preponderance of the evidence that:

1. he "would not have been convicted if exculpatory results had been obtained through DNA testing; and"

2. "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice."

*Id.* art. 64.03(a)(2).

When reviewing a judge's ruling on a Chapter 64 motion, we use a bifurcated standard of review: we give almost total deference to the judge's resolution of historical fact issues supported by the record and applications-of-law-to-fact issues turning on witness credibility and demeanor. *See Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017). But we review *de novo* all other application-of-law-to-fact questions. *See id.* at 768–69.

In his first issue, appellant complains the trial court abused its discretion in denying his motion on grounds that he failed to adequately identify the items requested for DNA testing, failed to show the items still existed in a condition to make DNA testing possible, and failed to show that the items had been subjected to a sufficient chain of custody. However, even if we sustained this issue, we could not reverse the trial court's order because appellant failed to show by a

–4–

preponderance of the evidence that he would not have been convicted had exculpatory results, yielded from the requested testing, been introduced at trial. *See* CRIM. PROC. art. 64.03(a)(2)(A).

At appellant's trial, the State's principal witness was Tina Jones. At the time of the offense, Jones was the common-law wife of appellant's brother Shane. In our opinion on appellant's direct appeal, we addressed appellant's challenge to the sufficiency of the evidence supporting his conviction and summarized Jones's testimony as follows:

> Shortly after 11:30 p.m. April 29, 1993, Tina, Shane and [appellant] proceeded in [appellant's] automobile to meet the deceased [Henley], who was in an automobile parked on a "back road" or "paved country road." The two automobiles met "side-by-side," a door length apart. [Appellant] and Shane exited [appellant's] automobile and Gino exited his automobile. Tina remained in [appellant's] automobile at all times in question. Earlier, Tina observed [appellant's] revolver in the front seat of [appellant's] car. When [appellant] exited his car, he placed his revolver in the back of his pants in the waistband. Tina could hear the men cussing and arguing. Tina observed [appellant's] hand come up from his side and Tina heard two shots. After that, [Henley's] automobile drove off with its lights extinguished. [Appellant] got back in his automobile and drove off with Tina. Shane did not get back in [appellant's] automobile. [Appellant] told Tina that he was going to pick up Shane. [Appellant] placed his gun back in the front seat of his car and Tina could smell a sulfur smell. After driving around, [appellant] picked up Shane who was running down the road. There was then talk about purchasing more beer. Before the meeting with Gino, [appellant] said he did not have any money. But now, after the meeting with Gino, [appellant] said they had money for more beer. Later when [appellant] returned Tina and Shane to their house, Tina heard [appellant] tell Shane "it never happened." After sleeping a few hours, Tina heard about [Henley's] death.

*See Lee*, 1995 WL 689662, at *2.

Appellant urges that the only evidence linking him to Henley's murder was entirely circumstantial and that there is no physical evidence that corroborates Jones's testimony. He challenges her credibility by noting her initial denial of any knowledge before later relating that she was in appellant's car while he and his brother fought with, and likely shot, Henley. Given that Jones was not an accomplice to Henley's murder, no corroboration evidence was necessary. *See Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) (holding witness's mere presence at scene of crime does not render that witness accomplice witness); *see also* TEX. CODE CRIM. PRO. art. 38.14 (prohibiting conviction on testimony of accomplice unless corroborated by other evidence). Further, as appellant describes, Jones testified that she denied any knowledge of the murder in her initial statement, and thus, the jury at his trial was aware of and included that information in its weighing of Jones's testimony. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (noting jury, as factfinder, entitled to judge credibility of witnesses).

Appellant also argues that since his brother Shane was acquitted, the theory of the case no longer works—that he and his brother drove out to meet Henley, shot him, moved his body, and moved Henley's car to the convenience store where it was later found. He points out that the evidence at trial established he used a cane and that he needed assistance walking. The fact that appellant's brother was acquitted does not necessarily undercut the theory of the case. Indeed, even if Shane were the principal and appellant the accomplice, the acquittal of the principal does not prevent

conviction of his accomplice. *See Ex parte Thompson*, 179 S.W.3d 549, 553 (Tex. Crim. App. 2005); *see also* TEX. PEN. CODE § 7.03(2) (stating "it is no defense . . . that the person for whose conduct the actor is criminally responsible has been acquitted").

Finally, appellant urges the presence of the DNA of someone other than himself would indicate that at least one other person met Henley, smoked a cigarette, committed this murder, and moved Henley's car. But even if another person had been present at the murder, that separate DNA would not exclude appellant as a party to the murder. *See* PEN. § 7.01 (abolishing all distinctions between accomplices and principals and providing that each party to offense may be charged with commission of offense). Accordingly, even if the requested testing were performed, the revelation that another person was present during the murder would not exclude appellant, and therefore he has failed to prove by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.

We overrule appellant's second issue and need not address his first. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
220290F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRY WAYNE LEE, Appellant

No. 05-22-00290-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 41709.
Opinion delivered by Justice Schenck. Justices Reichek and Goldstein participating.


Based on the Court's opinion of this date, the trial court's order denying post-conviction DNA testing is **AFFIRMED**.


Judgment entered this 15th day of November, 2022.