**Ronald Dale RAINER, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–88–102–CR.

Court of Appeals of Texas,
Eastland.

Jan. 12, 1989.

Gordon M. White, Houston, for appellant.

Richard A. Dawson, Asst. Dist. Atty., Richmond, Sam W. Dick, Susan Lea Smith, Criminal Dist. Atty's Office, Fort Bend County Courthouse, Richmond, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury found appellant guilty of unlawfully carrying a weapon, an illegal knife, on premises licensed for the sale or service of alcoholic beverages. The court set appellant's punishment at confinement in the Texas Department of Corrections for a term of ten years.

Appellant was arrested at the Sugar Land Lounge, which was licensed to sell beer and wine, for failing to appear on a traffic warrant. During a pat-down search, the arresting officer found a "large hunting knife" in a sheath under the waistband of appellant's pants.

In a single point of error, appellant challenges the sufficiency of the evidence to support the conviction. Appellant contends the State failed to prove that the blade of the knife was over five and one-half inches long. We disagree.

A "knife" is defined in TEX.PENAL CODE ANN. sec. 46.01(7) (Vernon 1974) as any "bladed hand instrument that is capable of inflicting serious bodily injury or death by cutting or stabbing a person with the instrument." An "illegal knife" is defined in TEX.PENAL CODE ANN. sec. 46.01(6) (Vernon Supp.1989) as a knife with a "blade over five and one-half inches."

The knife was introduced into evidence. The arresting officer, Oliver K. McAllister, and Ralph L. Gonzales, the Assistant Criminal District Attorney in charge of reviewing charges filed by the law enforcement officers, both testified that the blade of the knife was more than five and one-half inches. Each witness demonstrated to the jury that they measured the blade from the handle to the tip of the blade. In the opinion of each witness, the blade of a knife extended from the handle to the tip of the blade. The witnesses were examined by appellant regarding their interpretation of the definition of blade contained in Webster's Ninth New Collegiate Dictionary which defines "blade" as the "cutting part of an implement." The witnesses did not agree with appellant that the "cutting part" of an implement means only the "sharpened part" of the implement. The sharpened part of the blade of the knife in issue was less than five and one-half inches long.

Appellant argues that, since the word "blade" is not defined in the Penal Code, we should apply TEX.PENAL CODE ANN. sec. 1.05(a) (Vernon 1974) and construe the word as it is generally understood. Appellant argues that, under the dictionary definition of blade, the State failed to establish that the blade was over five and one-half inches. We disagree.

The dictionary definition of "blade" distinguishes the "cutting part" of a knife from the handle or holding part of a knife. Blade is not defined as the "sharpened" part of the instrument.

After viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State,* 672 S.W.2d 801 (Tex.Cr.App.1984). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.