UNITED STATES

v.

**Airman Kenny L. DEISHER, FR 411–31–1280, United States Air Force.**

ACM 28470.

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Jan. 1990.

4 Dec. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain Morris D. Davis.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

DECISION

MILLS, Judge:

Contrary to his pleas, Airman Deisher was convicted by a general court-martial with members of forgery, housebreaking, and two specifications of carrying a concealed weapon. The approved sentence is a bad conduct discharge, three months hard labor without confinement, forfeiture of all pay and allowances, and reduction to E–1. On 26 April 1990, the convening authority remitted the unexecuted portion of the sentence to hard labor without confinement.

Our attention is invited to the motion for a finding of not guilty of one of the specifications which alleged the carrying of a concealed weapon described as a buck knife. The defense counsel, citing the American Heritage Dictionary, argued that the "blade" of the buck knife, *i.e.,* the honed cutting portion of the instrument, did not exceed three inches.

During the trial, the military judge took judicial notice of United States Air Forces Europe Regulation (USAFER) 125–39, *Control of Privately Owned Firearms and Other Weapons* (28 April 1981). This regulation prohibits the concealed carrying of "knives with blades larger than three inches (unless it is an openly displayed hunting knife where directly engaged in hunting activities or a government issued knife which has been authorized by the unit commander for use during the performance of duty)." USAFER 125–39, paragraph 3d(15)(b).

The parties at trial entered into the following stipulation of fact:

The blade part of Prosecution Exhibit 2, the diver's knife, exceeds three inches. That the honed part of Prosecution Exhibit 3, the folding buck knife, is slightly less than three inches; that however, the

entire folding metal part of the knife is about three and a half inches.

 Appellant argues that the "blade", for purposes of the USAFE regulation, is the "honed cutting surface" and not the entire folding metal part of the knife.

The government contends that the term "blade", as used in the USAFE regulation, should be given its plain and ordinary meaning. Counsel argue that in common everyday experience the entire metal portion which extends beyond the hilt, including both the sharpened and the unsharpened portion, is called the blade of the knife. They further argue that if the knife were thrust into a person, it would penetrate about three and one-half inches because it would not stop until the arms at the base of the handle reached the victim's skin. They argue the entire blade, not just the honed portion, would penetrate the person's body.

The appellant requests that this Court establish itself on the "cutting edge" of the law by finding that the trial judge erred in denying trial defense counsel's motion for a finding of not guilty. We decline to find that the judge erred. In relation to Prosecution Exhibit 3, we find that the term "blade", as used in the cited USAFE regulation, constitutes the entire folding metal portion of the knife that extends from the handle to the tip of the blade. We are satisfied that the sharpened (honed) and unsharpened (unhoned) portion of the folding metal part of the knife, that extends from the handle or hilt, constitutes the blade of the knife in issue. *See Rainer v. State*, 763 S.W.2d 615 (Tex.App.1989); *People v. Pickett*, 194 Colo. 178, 571 P.2d 1078 (1977); *cf. National Carloading Corp. v. United States*, 54 Cust.Ct. 178 (1965). *But see Bradvica v. State*, 760 P.2d 139 (Nev. 1988).

 Another issue which has not been raised on appeal warrants discussion. The question is whether the convening authority erred by approving a sentence including total forfeitures when confinement was not adjudged? We find error. It now appears clear that an approved court-martial sentence may not include total forfeitures when confinement is not adjudged. *United States v. Warner*, 25 M.J. 64 (C.M.A.1987); *United States v. Santiago*, 27 M.J. 688 (A.C.M.R.1988). *See* Discussion, R.C.M. 1107(d)(2); Air Force Regulation AFR 111-1, *Military Justice Guide*, para. 15-15b(1) (30 September 1988).

We will now correct the sentencing error by reducing that portion of the sentence pertaining to total forfeitures to a forfeiture of $480.00 pay per month for three months. The approved findings of guilty and the sentence, as modified, are correct in law and fact and are

AFFIRMED.

Senior Judges MURDOCK and KASTL concur.