COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-432-CR
 
RANDOLPH PATRICK WEBB                                                             APPELLANT
V.
THE STATE OF TEXAS                                                               
        
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Randolph Patrick Webb appeals from his conviction for
unlawful solicitation of bonding business, a misdemeanor offense. We affirm.
In his first point, appellant argues that the trial court committed
reversible error in denying his motion to quash the information. The information
alleged that appellant, "being a bail bond surety or an agent of a bail
bond surety, intentionally or knowingly solicit[ed] bonding business in the
Denton County Jail by the use of a telephonic communication to James
McWhorter." Appellant contends that the information improperly expands the
nature of the offense under section 1704.304(c) of the occupations code to
include telephonic communications, resulting in a lessening of the burden of
proof required to convict. Tex. Occ. Code Ann. § 1704.304(c) (Vernon 2003)
("A bail bond surety or an agent of a bail bond surety may not solicit
bonding business in a police station, jail, prison, detention facility, or other
place of detainment for persons in the custody of law enforcement.").
Appellant argues that in order for an offense to be committed under the statute,
the perpetrator's "[p]hysical presence is required" at the jail or
prison.
Appellant cites to no authority supporting his position, and the
statute itself does not specifically require a physical presence in order for
illegal solicitation to occur. Moreover, as the word "solicit" is not
defined in the statute, we look at the word's plain meaning. McMurrough
v. State, 995 S.W.2d 944, 946 (Tex. App.--Fort Worth 1999, no pet.).
"Solicit" is defined as to make a "petition" or "to
strongly urge." Webster's Third New Int'l Dictionary at 2169 (1981). No
specific mode of communication is necessarily required "to strongly
urge" someone to use a specific bonding business, nor does the statute
require that a transaction be completed, but only requires the solicitation of
business, which can be done over the telephone to people in jail. We hold the
State's inclusion of the method of solicitation used by appellant--"by the
use of a telephonic communication"--does not expand the breadth of the
statute, but merely gives appellant notice of the manner and means of how the
offense was allegedly committed. See State v. Mays, 967
S.W.2d 404, 406 (Tex. Crim. App. 1998) (stating charging instrument must give
sufficient notice to defendant). We overrule point one.
In appellant's second point, he argues there is legally insufficient
evidence to support his conviction for the offense. At trial, appellant pleaded
nolo contendere to the offense pursuant to a plea bargain, and the punishment
assessed comports with that recommended by the State. The trial court granted
appellant permission to appeal only issues raised in his pretrial motions and
"any other matters raised prior to entering the plea in this case."
Because the challenge to the sufficiency of the evidence supporting his
conviction for the offense is a challenge to matters occurring after appellant
pleaded guilty, we do not have jurisdiction to consider appellant's second point
on appeal. See Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1979 & Supp. 2003); Tex. R. App. P. 25.2(a)(2);
Lenox v. State, 56 S.W.3d 660, 663 (Tex. App.--Texarkana 2001, pet. ref'd).
Thus, we will not address point two.
Having overruled appellant's first point, we affirm the trial court's
judgment.
 
                                                            PER
CURIAM
 
PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 17, 2003

1. See Tex. R. App. P. 47.4.