Randolph Patrick Webb

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-432-CR

RANDOLPH PATRICK WEBB APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Randolph Patrick Webb appeals from his conviction for unlawful solicitation of bonding business, a misdemeanor offense.  We affirm.

In his first point, appellant argues that the trial court committed reversible error in denying his motion to quash the information.  The information alleged that appellant, “being a bail bond surety or an agent of a bail bond surety, intentionally or knowingly solicit[ed] bonding business in the Denton County Jail by the use of a telephonic communication to James McWhorter.”  Appellant contends that the information improperly expands the nature of the offense under section 1704.304(c) of the occupations code to include telephonic communications, resulting in a lessening of the burden of proof required to convict.  
Tex. Occ. Code Ann. 
§ 1704.304(c) (Vernon 2003) (“A bail bond surety or an agent of a bail bond surety may not solicit bonding business in a police station, jail, prison, detention facility, or other place of detainment for persons in the custody of law enforcement.”).  Appellant argues that in order for an offense to be committed under the statute, the perpetrator’s “[p]hysical presence is required” at the jail or prison.  

Appellant cites to no authority supporting his position, and the statute itself does not specifically require a physical presence in order for illegal solicitation to occur.  Moreover, as the word “solicit” is not defined in the statute, we look at the word’s plain meaning.  
McMurrough v. State
, 995 S.W.2d 944, 946 (Tex. App.—Fort Worth 1999, no pet.).  “Solicit” is defined as to make a “petition” or “to strongly urge.”  
Webster’s Third New Int’l Dictionary
 at 2169 (1981).  No specific mode of communication is necessarily required “to strongly urge” someone to use a specific bonding business, nor does the statute require that a transaction be completed, but only requires the solicitation of business, which can be done over the telephone to people in jail.  We hold the State’s inclusion of the method of solicitation used by appellant—“by the use of a telephonic communication”—does not expand the breadth of the statute, but merely gives appellant notice of the manner and means of how the offense was allegedly committed.  
See State v. Mays
, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (stating charging instrument must give sufficient notice to defendant).  We overrule point one.

In appellant’s second point, he argues there is legally insufficient evidence to support his conviction for the offense.  At trial, appellant pleaded nolo contendere to the offense pursuant to a plea bargain, and the punishment assessed comports with that recommended by the State.  The trial court granted appellant permission to appeal only issues raised in his pretrial motions and “any other matters raised prior to entering the plea in this case.”  Because the challenge to the sufficiency of the evidence supporting his conviction for the offense is a challenge to matters occurring after appellant pleaded guilty, we do not have jurisdiction to consider appellant’s second point on appeal. 
 See
 Tex. Code Crim. Proc. Ann.
 art. 44.02 (Vernon 1979 & Supp. 2003); 
Tex. R. App. P.
 25.2(a)(2);
 Lenox v. State
, 56 S.W.3d 660, 663 (Tex. App.—Texarkana 2001, pet. ref’d).  Thus, we will not address point two.

Having overruled appellant’s first point, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.