COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-145-CR
  
  
L.G. 
JONES III A/K/A                                                              APPELLANT
LARRY 
JONES III
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
L.G. Jones III a/k/a Larry Jones III appeals from the trial court’s order of 
his post conviction DNA testing.  We affirm.
Factual and 
Procedural Background
        On 
November 5, 1999, a jury convicted Appellant of attempted murder and sentenced 
him to twenty-seven years’ imprisonment.  This court affirmed 
Appellant’s conviction on April 12, 2001.[1]  
On January 18, 2002, Appellant pro se filed a request for appointment of counsel 
to pursue his request for forensic DNA testing.  On October 1, 2002, 
Appellant filed a motion for forensic DNA testing and specifically requested DNA 
testing on a shirt and knife admitted into evidence during his trial.  
Pursuant to article 64.03 of the code of criminal procedure, the trial court 
ordered the items to be tested by the Department of Public Safety Crime 
Laboratory (DPS).  See Tex. 
Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2004-05).
        DPS 
sent the trial court a report of its results on February 18, 2003, which 
concluded that the source of the DNA profile recovered from the shirt could not 
be excluded as the contributor to the stain from the knife.[2]  
After examining the forensic DNA test results, the trial court made its ruling 
ex parte, without a live hearing, and found that the results were not favorable 
to Appellant.
Issues on 
Appeal
        In 
four issues, Appellant asserts that the trial court erred by 1) not ordering all 
the evidence to undergo DNA testing, 2) issuing an ex parte order without a 
hearing, 3) issuing an order without qualifying the testing expert, and 4) not 
allowing Appellant an opportunity to have his own appointed expert review the 
testing.
Items Not 
Tested for DNA
        In 
his first issue, Appellant argues that the trial court erred by not ordering 
other items of evidence be tested for DNA.  Specifically, another shirt, 
ball cap, shoes, jeans, and a jacket.  Article 64.01 provides that “[a] 
convicted person may submit to the convicting court a motion for forensic DNA 
testing of evidence containing biological material.  The motion must be 
accompanied by an affidavit, sworn to by the convicted person, containing 
statements of fact in support of the motion.”  Tex. Code Crim. Proc. Ann. art. 64.01; Dinkins 
v. State, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).  To meet the 
requirements of article 64.01, an appellant must clearly state, at a minimum, 
what evidence he wants tested.  Dinkins, 84 S.W.3d at 642.
        Here, 
Appellant’s motion stated:
   
Certain evidence, a shirt and a knife, were secured in relation to the offense 
of conviction and were in the possession of the state during the trial of the 
offense but were not subjected to DNA testing.  The relevant items were not 
previously subjected to DNA testing because DNA testing was not technologically 
capable of providing probative results or, through no fault of the defendant, 
for reasons that are of a nature such that the interests of justice require DNA 
testing.
 
 
        Appellant 
submitted his affidavit in support of his motion, stating:
   
[T]hat there exists evidence in this case in the form of blood samples that were 
recovered from the shirt of the alleged victim and the knife which was allegedly 
used in the offense and that under appropriate DNA testing will exonerate me or, 
at least produce material, exculpatory information which if presented to the 
jury would have resulted in my acquittal.
  
 
        Appellant 
argues in his brief that he emphasizes these two items to be tested but does not 
limit his request to only the shirt and the knife.  We disagree.  In 
both Appellant’s motion and affidavit, he makes it clear that the evidence 
that he wants to have tested is the shirt and the knife.  Because Appellant 
did not specify other items of evidence that he wanted tested for DNA and did 
not provide statements of fact in support of these claims, the trial court was 
not obligated to order testing beyond that requested by Appellant.  See 
Dinkins, 84 S.W.3d at 642.  Accordingly, we overrule Appellant’s 
first issue.
Hearing on the 
Non-Favorable Finding
        In 
his second issue, Appellant contends that the trial court erred by issuing an ex 
parte order on the DNA test results without a hearing.  He specifically 
complains that he was not allowed to object to the trial court’s finding in 
open court in an adversarial proceeding.[3]   
The State contends that the trial court properly entered its non-favorable 
finding regarding Appellant’s forensic DNA test results and that the lack of a 
live hearing did not affect his substantial rights.
        Article 
64.04 provides:  “After examining the results of testing under Article 
64.03, the convicting court shall hold a hearing and make a finding as to 
whether, had the results been available during the trial of the offense, it is 
reasonably probable that the person would not have been convicted.” Tex. Code Crim. Proc. Ann. art. 64.04 
(emphasis added).
        The 
State contends the statute does not specifically require a live hearing and 
furthermore, that case law supports its argument that Appellant had no right to 
testify or even be present at a hearing under chapter 64.  See Booker v. 
State, No. 05-03-00708-CR, 2004 WL 334867, at *5 (Tex. App.—Dallas Feb. 
24, 2004, no pet.); see also Ex parte Mines, 26 S.W.3d 910, 914-15 (Tex. 
Crim. App. 2000) (holding applicant for post-conviction writ of habeas corpus 
does not have constitutional right to be present at a hearing), cert. denied, 
532 U.S. 908 (2001); Cravin v. State, 95 S.W.3d 506, 510 (Tex. 
App.—Houston [1st Dist.] 2002, pet. ref’d).  However, the cases relied 
on by the State are distinguishable from the present case.
        The 
Booker case cited by the State also involved post-conviction DNA test 
results, but the distinguishing difference from the present case is that in Booker 
“the trial court conducted a hearing pursuant to article 64.04 of the code of 
criminal procedure,” while in this case no hearing was held.  Booker, 
2004 WL 334867, at *1.  Furthermore, both Booker and his counsel were 
present at the hearing.  Id. at *5.  The State argues that Booker 
stands for the proposition that a convicted person has no right to be present or 
to testify at a post-conviction hearing such as a hearing conducted pursuant to 
chapter 64.  Id.  However, because no hearing was held we need 
not address whether Appellant had a right to be present or to testify at such 
hearing.  The holding in Booker is based on the presumption that a 
hearing was conducted.  Id.; Tex. 
Code Crim. Proc. Ann. art. 64.01(c); see Brewer v. State, 
05-02-00136-CR, 2002 WL 31445286, at *3-4 (Tex. App.—Dallas Nov. 4, 2002, no 
pet.) (not designated for publication) (holding appellant was entitled to be 
represented by counsel at 64.04 hearing, although unnecessary for the trial 
court to conduct an extensive hearing).
        Moreover, 
this case is distinguishable from the other two cases cited by the State.  
The Cravin case also involved post-conviction DNA testing; however, that 
case involved Appellant’s motion requesting that the convicting court order 
various pieces of evidence tested.  Cravin, 95 S.W.3d at 507. This 
case involves a post-conviction hearing on the DNA test results.  The Cravin 
case and the case at hand are governed by different statutory provisions.  See 
Tex. Code Crim. Proc. Ann. arts. 
64.03, 64.04.  Additionally, the statutory language of article 64.03 does 
not require the trial court to hold a hearing when ruling on a motion to order 
forensic DNA testing, whereas the statutory language of 64.04 provides that 
“the convicting court shall hold a hearing” when examining the results of 
testing under article 64.03.  Furthermore, the Texas Court of Criminal 
Appeals has examined the language in both statutes and drawn a distinction 
between articles 64.03 and 64.04.  See Rivera v. State, 89 S.W.3d 
55, 58-59 (Tex. Crim. App. 2002) (holding that under article 64.03 no hearing is 
required unlike article 64.04).
        Finally, 
the Mines case involved a writ of habeas corpus, not post-conviction DNA 
testing.  Mines, 26 S.W.3d at 911.  The State relies on Cravin 
because it cites Mines and equates the rights of an applicant for a 
post-conviction writ of habeas corpus with the rights of an applicant for a 
post-conviction DNA proceeding.  However, as we have previously stated, 
whether a convicted person has the right to be present at either proceeding 
assumes that there exists a proceeding, at all, at which to be present.  We 
find the State’s reliance on Mines to be misplaced.  Accordingly, 
we hold that the trial court erred by not conducting a hearing pursuant to 
article 64.04 of the code of criminal procedure.
        Having 
found error, we must conduct a harm analysis to determine whether the error 
calls for reversal of the judgment.  Tex. 
R. App. P. 44.2.  Appellant alleges, without citing any authority, 
that the trial court’s failure to hold a hearing is a constitutional 
violation.  The State contends that no constitutional error exists.  
We agree with the State.  See Cravin, 95 S.W.3d at 509-11. (holding 
that post-conviction DNA hearing is analogous to habeas corpus proceedings and 
procedures set out in chapter 64 do not violate due process and other 
constitutional rights).[4]  Because we have 
determined that the error is not constitutional, rule 44.2(b) is applicable. Tex. R. App. P. 44.2(a).  
Therefore, we are to disregard the error if it does not affect the appellant’s 
substantial rights.  Tex. R. App. P. 
44.2(b); see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. 
State, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).  
When considering whether an error “affected substantial rights,” we consider 
whether a party had a right to that which the error denied.  Johnson 
v. State, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002).  According to 
chapter 64 of the code of criminal procedure “After examining the results of 
testing under Article 64.03, the convicting court shall hold a hearing 
and make a finding. . .”  The code also provides that “A convicted 
person is entitled to counsel during a proceeding under this chapter.” Tex. Code Crim. Proc. Ann. art. 
64.01(c).
        In 
determining whether the failure to hold a hearing affected Appellant’s 
substantial rights, we consider the record as a whole. See Schutz v. State, 
63 S.W.3d 442, 444 (Tex. Crim. App. 2001).  Thus, we should consider 
everything in the record including the character of the error and its 
relationship to other evidence.  Id.  We agree that because the 
trial court did not conduct a hearing, Appellant’s attorney was not provided 
an opportunity to be present or object to any perceived errors in the 
proceedings.  Appellant contends the error was harmful because not all of 
the evidence was subjected to DNA testing, he was unable to challenge the 
expert’s qualifications and findings, and he was unable to have his own expert 
appointed to review these findings and conduct independent tests.  However, 
we have overruled all of these issues on appeal and Appellant offers no 
additional reason why he was harmed.
        The 
pertinent portion of the DNA test results from the Texas DPS states:
   
The source of the DNA profile recovered from the shirt cannot be excluded as a 
contributor to the stain from the knife at the loci D3S1358, D8S1179, and 
D5S818.  Assuming the victim is the source of the DNA from the shirt, at 
these loci the probability of selecting an unrelated person at random who could 
be a contributor to the stain from the knife is approximately 1 in 6 for 
Caucasians, 1 in 9 for Blacks, and 1 in 5 for Hispanics.
 
 
        The 
trial court reviewed these results and entered its finding that stated:
 
After examining the results of the forensic DNA testing conducted by the Texas 
Department of Public Safety in the above numbered and styled case (Laboratory 
case number L1D-120987), the Court finds that the results are NOT FAVORABLE, as 
defined by article 64.04 of the Texas Code of Criminal Procedure, to the 
defendant, L.G. Jones III.
 
 
        Having 
reviewed the record, we hold that notwithstanding the trial court’s error, the 
issues that Appellant complains of on appeal would not have shown the DNA test 
results to be anything other than “NOT FAVORABLE” as entered by the trial 
court.  Therefore, we conclude that the trial court’s error in not 
holding a hearing on the DNA test results pursuant to article 64.04 of the code 
of criminal procedure did not have a significant injurious affect such that 
Appellant’s substantial rights were affected.[5]  
See McMurrough v. State, 995 S.W.2d 944, 948 (Tex. App.—Fort Worth 
1999, no pet.).  We expressly limited our holding with regard to the harm 
analysis to the narrow facts presented in this case. Accordingly, we overrule 
Appellant’s second issue.
Qualifications 
of DPS Laboratory and Expert
        In 
his third issue, Appellant complains that the trial court determined the DNA 
evidence was unfavorable to him without making a separate determination under Kelly 
v. State regarding the testing expert’s qualifications.  824 S.W.2d 
568, 573 (Tex. Crim. App. 1992).
        Article 
64.03 of the code of criminal procedure provides that if forensic testing is to 
be conducted “by a laboratory other than a Department of Public Safety 
laboratory or a laboratory under contract with the department,” the order for 
DNA testing must include requirements that “the DNA testing be conducted under 
reasonable conditions designed to protect the integrity of the evidence and the 
testing process” and that the DNA testing “employ a scientific method 
sufficiently reliable and relevant to be admissible under Rule 702, Texas Rules 
of Evidence.”  Tex. Code Crim. 
Proc. Ann. art. 64.03(d).
        The 
statute does not require compliance with these conditions where the testing is 
to be done by a DPS laboratory or a laboratory under contract with DPS.  See 
id. art. 64.03(c).  Thus, the statute implies that the conditions 
listed above will automatically be met by any DPS laboratory or a laboratory 
under contract with DPS. In this case, the testing was performed by a DPS 
laboratory.  Accordingly, the requirements of article 64.03(d)(1)-(3) do 
not apply.  See Booker v. State, 2004 WL 334867, at *3.  We 
overrule Appellant’s third issue.
Appointment of 
Independent Expert
        In 
Appellant’s fourth issue, he complains that the trial court erred by not 
allowing him an opportunity to have his own expert appointed to review the 
testing done by the DPS laboratory, as well as conduct his own tests.  
Chapter 64 makes no provision for testing by DPS and another laboratory. Booker, 
2004 WL 334867, at *4.  The court of criminal appeals has held that trial 
courts do not have jurisdiction to order post-conviction DNA testing outside the 
provisions of chapter 64. State v. 
Patrick, 86 S.W.3d 592, 594-95 (Tex. Crim. App. 2002) (orig. 
proceeding).  Therefore, the trial court lacked jurisdiction to appoint an 
expert to perform independent testing.  See Booker, 2004 WL 334867, 
at *4.  Even if the trial court had jurisdiction to appoint an independent 
expert to review DPS’s test results or perform independent testing, Appellant 
made no request to the trial court for an independent expert and therefore 
preserved nothing for review.  See Tex. R. App. P. 33.1; Mendez v. State, 
138 S.W.3d 334, 339-341(Tex. Crim. App. 2004).  We overrule Appellant’s 
fourth issue.
Conclusion
        Having 
overruled all of Appellant’s issues, we affirm the trial court’s judgment.
 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE

PANEL 
B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED: 
March 17, 2005


NOTES
1.  
Jones v. State, No. 02-99-00503-CR (Tex. App.—Fort Worth April 12, 
2001, pet. ref’d) (not designated for publication).
2.  
Evidence was presented at Appellant’s trial on the merits that showed after 
the victim was stabbed Appellant was stopped by police, and a knife with blood 
on it was found inside his jacket pocket.
3.  
While we agree with Appellant that the trial court should have held a hearing 
pursuant to article 64.04, we do not agree with Appellant’s interpretation of 
the proceeding as being adversarial.  See Ex parte Mines, 26 S.W.3d 
910, 914 (Tex. Crim. App. 2000).
4.  
See also United States v. Hayman which holds that unlike a criminal trial 
in which the guilt of the defendant is at issue, a habeas corpus proceedings is 
an independent proceeding that makes a collateral inquiry into the validity of 
the conviction.  342 U.S. 205, 222-23, 72 S. Ct. 263 (1952).  A 
post-conviction DNA testing proceeding is also an independent proceeding that 
makes a collateral inquiry into the validity of the conviction.  Cravin, 
95 S.W.3d at 510.
5.  
While we hold the trial court erred in not conducting a hearing pursuant to 
article 64.04, we need not address what type of procedural mechanisms should 
occur during a 64.04 hearing because Appellant did not raise that issue.  See 
Tex. R. App. P. 47.1 (requiring 
appellate courts to address every issue necessary for final disposition of this 
appeal).