ACCEPTED
04-14-00130-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/4/2015 2:50:48 PM
KEITH HOTTLE
CLERK

NO. 04-14-00130-CR

IN THE COURT OF APPEALS FOR THE

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/4/2015 2:50:48 PM
KEITH E. HOTTLE
Clerk

FOURTH DISTRICT OF TEXAS

SAN ANTONIO, TEXAS

JOSHUA ORCASITAS,
Appellant

V.

STATE OF TEXAS,
Appellee

Appealed From The
175th Judicial District Court
Of Bexar County, Texas

APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

JOSHUA ORCASITAS, the Appellant in Cause Number 2012-CR-7776 in the

175th District Court of Bexar County, Texas, pursuant to Rule 49 of the Texas Rules

of Appellate Procedure, submits this Motion for Rehearing moving this Honorable

Court to reconsider its Opinion of May 20, 2015 affirming the judgment and sentence

of conviction.

1

## GROUND FOR REVIEW NUMBER ONE

**THE COURT OF APPEALS ERRED BY RULING THAT A PROSECUTOR, DURING INITIAL CLOSING ARGUMENT, MAY STRIKE AT A DEFENDANT OVER SHOULDERS OF DEFENSE COUNSEL *PRIOR* TO ANY ARGUMENT BEING MADE BY DEFENSE COUNSEL.**

## ARGUMENT AND AUTHORITIES

In the case at bar, this Court held that a prosecutor, during initial closing argument, may strike at a defendant over shoulders of defense counsel ***prior*** to any argument being made by defense counsel. Orcasitas v. State, No. 04-14-00130-CR at 7-8 (Tex. App. - San Antonio, May 20, 2015). The only case cited by this Court in support of allowing a prosecutor, during initial closing argument, to strike at a defendant over shoulders of defense counsel ***prior*** to any argument being made by defense counsel, is Garcia v. State, 126 S.W.3d 921 (Tex. Crim. App. 2004). During oral argument in the case at bar, however, the state conceded that all cases on this issue cited by the state in its brief (***including*** Garcia) involved prosecution argument ***following*** argument by defense counsel. Undersigned counsel, in fact, was the trial defense counsel in Garcia, and the complained of argument was after argument by defense counsel. Garcia v. State refers to defense counsel's arguments in that case and the state's comments regarding "defense counsel's arguments" and the state's "opinion regarding the merits of defense counsel's arguments." Id. at 924.

2

The following cases cited by the state in its brief on this issue are also contrary to the opinion of this Court. "We have consistently held that argument which strikes at a defendant over the shoulders of defense counsel is improper." Dinkins v. State, 894 S.W.2d 330 (Tex. Crim. App. 1995). "Although the prosecutor's statements may have been intended as a rebuttal, they also cast aspersion on defense counsel's veracity with the jury." Id. The reviewing court then looks to see if the prosecution made any "further comments impugning defense counsel's veracity." Id. With respect to comments such as "rabbit trials," the Court of Criminal Appeals has stated, ". . . legitimate arguments by defense counsel cannot serve as a basis for permitting prosecutorial comments that "cast aspersion on defense counsel's veracity." Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998).

In Satterwhite v. State, 858 S.W.2d 412 (Tex. Crim. App. 1993), the state's argument was directed at the credibility of a witness, not at counsel's argument. In Nevels v. State, 954 S.W.2d 154 (Tex. App. - Waco 1997, pet. ref'd), the state's argument at issue was after the defense closing argument. The court held that "when an improper jury argument strikes at the accused over the shoulders' of his defense counsel a curative instruction cannot cure the harm and a harm analysis . . . is required." Id. There is a "presumption that an improper jury argument which strikes at the accused over defense counsel's shoulders is so egregious that a curative

3

instruction has no impact on the error." Id. Such argument does not "fall within one of the four permissible areas of jury argument." Id.

In the case at bar, however, this Court failed to recognize that the prosecutor's "rabbit trails" argument, prior to argument by the Appellant, struck at the Appellant over shoulders of defense counsel and was therefore improper. Orcasitas v. State, supra at 7-8. Given the above case law, such argument by the state does not fall within one of the four permissible areas of jury argument. Yet this Court attempts to protect such improper argument by claiming that the "rabbit trails" argument "was made in response to the defense's theories and was therefore proper argument." Id. Counsel is unaware of any case law allowing such a conclusion prior to argument by a defendant, and no such case law has been cited by this Court or by the state.

Based upon the above, this Honorable Court should withdraw its opinion of May 20, 2015, hold that the "rabbit trails" argument by the state, prior to any argument by the defense, was error, sustain the Appellant's Point of Error One, and remand this cause to the trial court for a new trial.

## GROUND FOR REVIEW NUMBER TWO

**THE COURT OF APPEALS ERRED BY RULING THAT AN OBJECTION THAT THE PROSECUTOR'S CLOSING ARGUMENT IS "OUTSIDE THE RECORD" PRESENTS NOTHING FOR APPELLATE REVIEW.**

4

## ARGUMENT AND AUTHORITIES

In the case at bar, the prosecutor argued in closing argument that defense counsel was sending signals to defense witnesses during cross-examination by the prosecutor. (R - v.5 - 55-56). The defense objected that this argument was "outside the record and it is completely false." Id. The Appellant argued in his brief before this Court that this closing argument was improper since it was outside the record and harmful since it attacked the ethics of defense counsel. This Court held that the objection "outside the record and it is completely false" does not allow a claim on appeal that the argument was an attack on the ethics of defense counsel. Orcasitas v. State, supra at 8-10. This holding by this Court is contrary to the holding in McMurrough v. State, 995 S.W.2d 944 (Tex. App. - Fort Worth 1999, no pet.). In that case, the prosecutor in closing argument stated that defense counsel created a defense for his client, and the defendant objected that such argument was "outside the record." Id. The court considered the four permissible areas of closing argument and reiterated that reviewing courts are "disturbed about final arguments that result in uninvited and unsubstantiated accusations of improper conduct directed at a defendant's attorney." Id. The court was concerned that such argument was an "attack on defense counsel's integrity" and "[s]triking at the defendant over the shoulders of his counsel . . ." Id.

The Appellant in the case at bar argued, just as in McMurrough, that the sending signals part of the state's closing argument was outside the record and an

5

attack on defense counsel's integrity. This Court incorrectly ruled that an "outside the record" objection followed by an argument on appeal that such closing argument was an attack on defense counsel's integrity "does not comport with the objection made at trial, [so] we conclude that it presents nothing for our review." Such a ruling is in direct contradiction with McMurrough and should be removed from this Court's published opinion in the case at bar.

## GROUND FOR REVIEW NUMBER THREE

**THE COURT OF APPEALS ERRED BY RULING THAT THE PROSECUTOR'S CLOSING ARGUMENT, CLAIMING THAT DEFENSE COUNSEL SENT SIGNALS TO DEFENSE WITNESSES DURING CROSS-EXAMINATION, WAS MERELY A COMMENT ON THE DEMEANOR OF THE WITNESSES.**

## ARGUMENT AND AUTHORITIES

In the case at bar, the prosecutor argued in closing argument that defense counsel was sending signals to defense witnesses during cross-examination by the prosecutor. (R - v.5 - 55-56). This Court held that such closing argument was proper because it merely commented on the demeanor of the witnesses. Orcasitas v. State, supra at 8-10. The Court of Criminal Appeals has held, however, that closing argument that "impugns the integrity of defense counsel has been repeatedly condemned by this Court." Satterwhite v. State, supra. The closing argument in the case at bar clearly impugned the integrity of defense counsel when the prosecutor

6

argued that when two defense witnesses were tripped up on cross-examination, "they looked at Mr. Gross [defense counsel] to help them. Why are they looking at him?" (R - v.5 - 55-56). This closing argument implied that the defense witnesses looked at defense counsel because counsel sent them signals on how to answer questions. This argument clearly impugned the integrity of defense counsel and was improper.

The prosecutor had already spent a considerable amount of time attacking the credibility of the witnesses and problems with their testimony, but the prosecutor then went on to name defense counsel as the person sending signals to the witnesses. This was an improper claim regarding the conduct of defense counsel, not the conduct of the witnesses. Why name defense counsel if the argument goes solely towards the conduct of the witnesses? It is because the prosecutor was improperly impugning the integrity of defense counsel. The theme of the prosecutor's closing argument was to portray defense counsel as trying to "confuse" the jury, asking the jury to do what it was "prohibited from doing," making "misstatements" to the jury, making "inflammatory statements," and doing "anything and everything" to change the focus off the Appellant. (R - v.5 - 32, 49, 53, 65).

This closing argument by the prosecutor implying defense counsel sent signals to the witnesses improperly injected harmful facts outside the record and was designed to arouse the passion of the jury. Such argument is manifestly improper and

7

injected new facts harmful to the Appellant. This argument was at the close of the guilt-innocence portion of the trial and immediately prior to deliberations, so the harmful effect could not have been attenuated by argument of defense counsel. This argument by the prosecutor was not merely mildy inappropriate. Based upon the above, this Honorable Court should withdraw its opinion of May 20, 2015, hold that this argument by the state was error, sustain the Appellant's Point of Error One, and remand this cause to the trial court for a new trial.

**PRAYER**

WHEREFORE, for the reasons stated above and for the reasons stated in the Brief for the Appellant, this Court should grant the Appellant's Motion for Rehearing and upon rehearing, reverse the judgment of the trial judge and remand this cause for a new trial.

Respectfully submitted,

GROSS & ESPARZA, P.L.L.C.

/s/ Michael C. Gross
Michael C. Gross
State Bar No. 08534480
106 South St. Mary's Street, Suite 260
San Antonio, Texas 78205
(210) 354-1919
(210) 354-1920 Fax

Attorney for the Appellant,
JOSHUA ORCASITAS

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was emailed to Laura Durbin, Assistant District Attorney, on the 4th day of June 2015.

/s/ Michael C. Gross

## CERTIFICATE OF COMPLIANCE

1.      The brief complies with the type-volume limitation imposed by Rule 9.4(i) of the Texas Rules of Appellate Procedure because the brief contains 1,701 words excluding the signature, proof of service, certification, certificate of compliance, and appendix.

2.      The brief complies with the typeface and the type style requirements of Rule 9.4(e) of the Texas Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using WordPerfect 6.1 in 14 point font and Times New Roman type style.

/s/ Michael C. Gross